UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MICHAEL WALTON | § |
| | § |
| v. | § CIVIL NO. 4:24-CV-1125-SDJ |
| | § |
| JOSEPH STROFFOLINO, ET AL. | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Michael Walton's Motion to Remand, (Dkt. #15), wherein Walton argues that this Court lacks subject-matter jurisdiction. Having considered the motion, the parties' filings, and the applicable law, the Court determines that this case should be **REMANDED**.

### I. BACKGROUND

Walton filed this action in Texas state court. His complaint raises issues concerning a settlement agreement that resolved a prior dispute between the parties. Specifically, Walton alleges that Defendants failed to meet their payment obligations under the agreement and made false representations about their ability to pay. He therefore sued for breach of contract and fraud under Texas state law.

Defendants timely filed a Notice of Removal, (Dkt. #1), invoking this Court's federal-question jurisdiction. Walton moved to remand, arguing that his well-pleaded complaint lacks any federal question. (Dkt. #15). Defendants countered that federal-question jurisdiction exists under the artful-pleading doctrine and *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)) (internal quotation marks omitted). Thus, when a plaintiff sues in state court, a defendant can remove the suit to federal court under 28 U.S.C. § 1441(a) only if the plaintiff could have filed the suit originally in federal court under a jurisdiction-granting statute. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)). The party removing the case to federal court bears the burden of showing that removal was proper and that federal jurisdiction exists. *Zeitler ex rel. Arvizo v. CNH Am., LLC*, No. 6:18-CV-508, 2019 WL 3806073 at *2 (E.D. Tex. Apr. 2, 2019). As a result, "all 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Supreme Court also has instructed federal courts to construe removal statutes strictly, favoring remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court.") (citation omitted).

One such jurisdiction-granting statute that allows removal is 28 U.S.C. § 1331, which gives federal courts subject-matter jurisdiction over all claims "arising under" federal law. Courts apply the well-pleaded complaint rule to determine whether a

claim arises under federal law. Under that rule, federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). For cases removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the federal court must remand the case to state court. 28 U.S.C. § 1447(c).

In general, the well-pleaded complaint rule prevents the removal of cases that contain only state-law claims because those claims do not arise under federal law. *See, e.g., Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). As the Fifth Circuit has explained, "[t]he well-pleaded complaint rule precludes a plaintiff from predicating federal jurisdiction on an anticipated federal defense to his claim." *La. Indep. Pharmacies Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022). Likewise, a defendant cannot remove an action to federal court "unless the plaintiff pleaded a federal question on the face of his complaint." *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022); *see also Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("It is not sufficient for the federal question to be raised in the answer or in the petition for removal."). After all, the plaintiff "is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

## III. Discussion

### A. Removal was Improper

This case was improperly removed. Walton's petition does not allege any federal claim. Rather, Walton asserts only Texas common-law claims for breach of contract and fraud. Walton's petition does not invoke any federal statute or regulation. Thus, because none of Walton's claims arise under federal law, the well-pleaded complaint rule precludes Defendants' removal.

Defendants' attempts to circumvent the well-pleaded complaint rule fail. In response to Walton's remand motion, for example, Defendants argue that federal-question jurisdiction exists because of Walton's fraud claim and its related discussion of Defendants' qui tam action in another suit. Although the complaint is no model of clarity, Walton seems to allege that either (1) the qui tam action by Defendant Cutler against Defendant entities' biggest client prevented the Defendant entities from collecting revenue needed to pay the settlement agreement, or (2) the Defendants failed to disclose the qui tam suit's payout, which could have covered their payment obligations.[1] Either way, there is no federal question implicated. The mere mention of a separate, unrelated lawsuit under the False Claims Act does not create a sufficient issue of federal law to invoke federal-question jurisdiction. Walton mentions the qui tam suit tangentially and briefly. Regardless, it is plainly unrelated to the elements of either his breach of contract or fraud claims, and, therefore, cannot

---

[1] This second option has been adopted by Walton in his reply briefing. *See* (Dkt. #21 at 3) ("The primary reason paragraph 18 is in Plaintiff's Original Petition (Dkt. #1-2 at ¶ 18) is to show that Defendant Cutler had the financial ability to pay his debt to Plaintiff, but Mr. Cutler refused to do so.").

serve as a basis for federal-question jurisdiction. *See Manyweather*, 40 F.4th at 242 ("Even where a plaintiff brings state-law claims that implicate federal law, those claims cannot alone sustain federal jurisdiction."); *see also Ocwen Fin. Corp. v. Boyd*, No. 4:23-CV-408, 2023 WL 8027092, at *6 (E.D. Tex. Nov. 20, 2023) ("[The False Claims Act] does not provide the Court with ongoing jurisdiction to resolve any dispute related to a False Claims Act settlement that may arise in the future.").

Defendants' reliance on the artful-pleading doctrine is also without merit. "Under this principle, even though the plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated by the plaintiff's pleading skills in hiding the federal question." *Bernhard*, 523 F.3d at 551. The artful-pleading doctrine is "a narrow exception to the well-pleaded complaint rule" and "does not apply . . . unless federal law completely preempts the field." *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001).

Here, Defendants misconstrue the doctrine. They claim Walton seeks to hide a collateral federal question in his state law claims, *not* that the federal statute preempts these claims. Therefore, Defendants' argument fails under clearly established precedent. *See Bernhard*, 523 F.3d at 551 ("In fact, we have said that the artful pleading doctrine applies *only* where state law is subject to complete preemption.") (citing *Terrebonne Homecare, Inc.*, 271 F.3d at 188–89) (emphasis in original).

Finally, to the extent Defendants suggest that Walton's claims raise a significant federal issue under the *Grable* doctrine, this argument also fails. In *Grable*, the Supreme Court recognized that "in certain cases federal-question

5

jurisdiction will lie over state-law claims that implicate significant federal issues." 545 U.S. at 312. That said, the doctrine applies only to a "special and small" category of cases, "typically a state-law claim premised on some component of federal law." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (quotation omitted). For example, a state-law negligence claim can create a federal question when premised on the existence of a duty established by federal law. *Id.*

Here, no element of Walton's state-law claims implicates a federal question. The fraud claim alleges the existence of funds that came into Defendants' possession as a result of litigation under a federal statute. However, the fraud claim is not premised on any part of a federal statute, nor does it require resolving a federal issue to adjudicate the state-law claim. Therefore, *Grable* does not apply.

For all these reasons, this Court lacks jurisdiction under 28 U.S.C. § 1331, making Defendants' removal improper. The case must be remanded.

### B. Attorney's Fees

When a case is remanded, the court may order the removing party to pay "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has clarified that, absent unusual circumstances, courts may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). This inquiry should take into consideration "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing

party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Defendants lacked an objectively reasonable basis for seeking removal. No federal claims were asserted here. The only reference to any federal statute, regulation, or standard is a passing mention in the complaint to the origin of funds that Defendants allegedly could use to fulfill their financial obligations under the settlement agreement. In short, Defendants failed to present any plausible theory to support their suggestion of federal-question jurisdiction. For these reasons, the Court will award attorney's fees to Walton.

## IV. CONCLUSION

It is **ORDERED** that Plaintiff's Motion to Remand, (Dkt. #15), is **GRANTED**. This case is **REMANDED** to the District Court for the 380th Judicial District of Collin County, Texas.

It is further **ORDERED** that Defendants must pay Plaintiff attorney's fees associated with the motion to remand.

It is further **ORDERED** that Plaintiff must submit a brief regarding the fees incurred in connection with the removal of this case no later than **September 5, 2025**. Defendants may respond no later than **September 19, 2025**.

**So ORDERED and SIGNED this 25th day of August, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE